but the contrary, and there must be a decree for the defendants, with costs.

The object of the parties appears to have been, to obtain a legal construction of the will. The cause may be disposed of without giving such construction; but to prevent further litigation or difficulty, I am satisfied to say, that the trustees are bound by the will to lay out the money in the purchase of real estate, whenever the wife shall so desire it, bona fide, and understandingly; and that they are not to be governed by the consideration, that the husband will thereby acquire an interest in the lands, which may be charged with his debts. The directions of the will in this behalf are very plain. The intention of the testator is to be taken from the instrument, and not from conversations which took place at the time it was prepared; and laying those conversations aside, there can be no reasonable doubt as to the proper construction of the will, or the duty of the trustees under it.

Let the bill be dismissed.

---

CAROLINE E. ENGLISH v. the EXECUTORS of Dr. JAMES ENGLISH, deceased.

To constitute an election by a widow to accept a legacy bequeathed to her in lieu of dower, there must be something more than a mere intention or determination to elect.

A declaration of such intention, even if made to those interested, will not of itself constitute an election at law.

There must be some decisive act of the party, with knowledge of her situation and rights, to determine the election, or an intentional acquiescence in such acts of others as are not only inconsistent with her claim of dower, but render it impossible for her to assert her claim without prejudice to the rights of innocent persons.

Signing a petition to the legislature for a sale of the real estate of the testator, to enable the executors to pay the legacies and execute the various trusts mentioned in the will, if the petition was never acted on, will not constitute a legal election.

Nor will the fact that an answer to a bill in chancery was filed in her name, assenting to a decree for the sale of the real estate of the testator, to carry into effect the trusts of the will, (one of which was the payment of the annuity bequeathed to the widow in lieu of her dower,) and a decree made for such sale, constitute an election, if it appear that she was merely quiescent in the matter, and that the answer as filed was neither signed nor assented to by her.

BILL by a widow, against the executors of her husband, to establish her title to dower in the real estate of the testator. Answer by the executors, insisting that the complainant had elected to accept an annuity bequeathed to her by the testator in lieu of her dower. All the facts and circumstances necessary to a full understanding of the case, are stated in the opinion of the chancellor. The cause was heard upon bill, answer and proofs.

*Nevius,* for complainant.

*Randolph,* for defendants.

THE CHANCELLOR. Dr. James English, by his last will and testament, duly executed according to law, gave to his wife Caroline a house and lot situate in the city of New-Brunswick; so much of his household and kitchen furniture as she might choose to retain, a gold watch, her choice of the books in the library, and twelve hundred and fifty dollars in cash to be paid in one year after his decease. He further gave to his said wife the interest of six thousand dollars while she should remain his widow, to be invested in bond and mortgage under the direction of the orphans' court of the county of Monmouth; which bequest of the interest of the said six thousand dollars, was on condition that she received the same in lieu of her right of dower in his estate.

After some other specific devises and bequests, the testator gave all the residue of his property to certain religious and benevolent institutions in his will named, and directed his executors to apply to the orphans' court of the county of Monmouth for an order to

sell all his real estate in said county, at such time and on such conditions, as in their judgment would secure the best sale.

At a suitable time after the testator's death, an application was made to the orphans' court for an order to sell the real property, according to the directions of the will; the executors setting forth in the petition, that the sum of the personal estate left, after paying debts, legacies and expenses, was less than six thousand dollars, and not sufficient to enable them to pay to the widow her yearly interest without taking part of the principal, and therefore that a sale was necessary. The orphans' court declined acting in the matter for want of jurisdiction. A petition was then prepared to be presented to the legislature; praying a special act to authorise the sale. It was signed by the executors, Mrs. English the present complainant, and all the residuary legatees; and stated, among other things, the bequest of the annuity of six thousand dollars to the widow, and that the personal estate of the testator was insufficient to pay the debts, and the legacies to his widow and the other legatees named in the will. The petition not being prepared in time to be acted on by the legislature, was not presented.

Shortly after, the executors filed a bill in this court for relief, praying that the real estate might be directed to be sold, to carry into effect the trusts in the will. To this bill Caroline E. English was made a party defendant, together with the residuary legatees. A joint and several answer was filed, in which Mrs. English expressly admitted that the rents of the real estate, together with the residue of the personal estate, after payment of debts and expenses, &c., would not be sufficient to pay the specific legacy and interest bequeathed to her in the will of her husband, and that the payment of the annual interest bequeathed to her would soon absorb the whole residue of the personal estate. The suit was so proceeded in, that in October, eighteen hundred and thirty-five, a decree was made upon the bill and answer, by the consent of all parties interested, directing and authorising the executors to sell the whole of the real estate of the testator, and to apply the proceeds of such sale in a due

course of administration of the estate, and to carry into execution the trusts of the will. The property was sold under the decree. After the sale, and before the time for executing the conveyances, it became known that the widow intended to claim her dower in the land, and not accept of the conditional legacy of the interest of six thousand dollars, as given in the will. To obviate this difficulty, it was agreed that the widow should release her interest in the real estate to the purchasers, and that the executors should retain in their hands the one third part of the purchase money, and pay her yearly and every year during her natural life, the interest accruing on the same—in case it should be determined, by agreement or otherwise, that she had not legally waived her right to resort to her dower in said lands.

Under this agreement, a bill has been filed in this court, by the widow against the executors, in which, after alleging that she has made no election to receive the annuity in lieu of her dower, she prays a decree that she is entitled to dower in all the lands and real estate of her late husband, in addition to the devise of the house and lot in New-Brunswick, the sum of twelve hundred and fifty dollars, the furniture, books, watch, &c., upon her renouncing the bequest of the interest of said six thousand dollars.

The executors, in their answer, submit that the widow has made her election, and cannot now claim dower. They say that before the application was made to the orphans' court for an order of sale, she had been informally applied to, to make her election; and that she had expressly and unequivocally, and against the advice of one of the executors, declared her fixed and unalterable determination to take the annuity instead of her dower; that this determination was the basis of the application; that when the application failed, it was the mutual understanding of the parties that the executors should forthwith take such other measures as their counsel should recommend to effect a sale of the real estate, primarily and principally to pay the widow her said annuity; that consequently an application was prepared to be made to the legislature for a special act; that fail-

ing in this also, they prepared their bill of complaint in this court; that the proceedings and decree in that suit were based upon the fact that the widow had made her election to take the annuity instead of her dower, and that in order to raise the same it was necessary to effect a sale of the real estate; that she had full notice of all the proceedings, and either employed counsel or consented and directed that counsel be employed, and all proper and necessary steps taken to effect the sale of the said real estate; that entertaining no doubt that the widow had made her election, they proceeded to sell the property without consulting her, and sold it free from all incumbrances, which they certainly would not have done if she had not elected to take the annuity. The defendants further say, that in all their conversations with her relative to this subject, they understood her as making or having made her election, and conducted themselves accordingly; that she remained, after the death of the testator, in possession of the mansion house and homestead farm for several months; that she voluntarily gave up the same to be sold without making any claim or pretence of dower, or any portion of the rents or profits of any of the real estate of which her husband died seized, and they feel satisfied that her present course is the effect of a change of views with regard to the contingency on which her said annuity is dependent, or a belief that in consequence of the great advance of real estate since the testator's death, the dower may be more valuable than the annuity.

There is a single point presented by the pleadings, and by the agreement of the parties; Has the complainant elected to take the bequest in lieu of dower?

The case is not within the supplement to the act relative to dower, *Rev. L.* 677. That provides for cases where lands or real estate are given to a wife for life or otherwise, and without expressing whether the devise is intended to be in lieu of dower or not. In this case there is no question as to the intention of the testator. He gave to his wife real estate in New-Brunswick, but it is clearly expressed in the will that this devise was not intended to be in lieu of dower, or to interfere with any claim of

dower that she might make.    The annuity was expressed to be in lieu of dower, and that alone.    There is no ambiguity whatever upon the face of the will.

Nor can this case interfere with the construction given to the supplement, in *Stark* v. *Hunton*, *Saxt.* 216; for there, there was no expression of the testator, that the land devised was not intended to be in lieu of dower.    The statute clearly applied, and the opinion of the court as then expressed is to be taken as referring to such cases only.

If, then, the widow has not elected to take the annuity, she is entitled to dower at common law; or, under the existing arrangement, to the interest of one third part of the purchase money, during life.

What acts of acceptance or acquiescence are sufficient to constitute an election, cannot be designated with sufficient precision to justify a general rule.    Each case, as it occurs, must be governed by its own peculiar circumstances.    The general questions are, whether the parties acting or acquiescing were cognizant of their rights; whether they intended to make an election; whether they can restore the individuals affected by their claim to the same situation as if the acts had never been performed; or whether these inquiries are precluded by lapse of time: *Dillon* v. *Parker*, 1 *Swans.* 382, in notis.

The present case is free from any difficulty growing out of the rights of third persons.    If the claim for dower had not been preferred until titles had been made by the executors, or the purchase-money paid and possession rendered to the purchasers, it would have been difficult to restore the parties interested to their former situation, and the claim itself would have been canvassed with stricter scrutiny.    It is also free from the objection growing out of a long continued acquiescence in a state of things inconsistent with the assertion of the claim.    All is of recent date; and there is no obstacle in the way of ascertaining the rights of the different parties.

I think the pleadings and evidence pretty clearly show, that it was for a considerable time after the death of the testator, the

intention of the widow to take the annuity in lieu of dower. She openly expressed that determination at different times to one of the executors, and also to other persons. She appeared to feel that the will of her husband, so plain in its terms, and so liberal in its provisions in regard to herself, imposed on her a kind of moral obligation to comply with all its requirements, and carry out to the letter his benevolent intentions. But in a case of dower, there must be something more than a mere intention to elect. The right to dower is a legal right. Upon the death of the husband, the widow is seized at law of a freehold estate, and that estate cannot be divested by an intention or determination to take something else in lieu of it, no matter how often the intention may have been made known or communicated. Loose conversations with third persons to that effect, are of no account; and the making known of such determination, even to those who may be interested, will not of itself constitute an election in law. There must be some decisive act of the party, with knowledge of her situation and rights, to determine the election; or there must be an intentional acquiescence in such acts of others as are not only inconsistent with her claim of dower, but render it impossible for her to assert her claim without prejudice to the rights of innocent persons.

We have already remarked, that in this case no injury can accrue to third persons; and the question is to be settled upon the acts of the complainant. Of these, there are two entitled to consideration.

The first is, the joining in the proposed application to the legislature for a sale of the real estate, to enable the executors to carry out the intentions of the testator, in paying the legacies and executing the various trusts mentioned in the will. To the petition the name of the complainant is affixed in her own hand, and the fair presumption is she was acquainted with the contents and meaning of the paper. But this petition was never acted on; no application was ever made to the legislature for relief; no practical result grew out of it. The consent thus given for the sale of the property, was liable to be recalled at any time,

and of course it cannot be considered as decisive or binding so as to constitute a legal election.

The other act of the complainant is one of greater weight, and demands more consideration. After the application for a private law to authorise a sale was abandoned, the executors filed a bill in this court for a decree to authorise a sale of all the real estate of the testator not specifically devised. To this bill, the complainant in this suit, and all the residuary legatees, were made parties; and relief was sought on the ground that a sale was necessary to carry into effect the trusts of the will, one of which was the payment of the annuity to the complainant during her widowhood. An answer, purporting to be a joint and several answer on the part of the widow and the residuary legatees, was put in, merely echoing the charges of the bill, and joining in the request that a sale might speedily be made. And upon this a decree was made, directing the executors to sell on giving the notice prescribed in the will. If this proceeding had been in the ordinary form; if the answer had been sworn to or even signed by the complainant, I should have considered it very difficult for me to overcome it. But there is good reason to believe that in all this matter she was merely quiescent; that the whole proceeding was conducted under the direction of the executors, founded on what they believed, and had reason to believe, was the fact, that all parties interested were desirous of a sale. The widow states that she gave no direction, employed no counsel, never saw or assented to the answer as prepared and filed; and when it is seen that the answer is neither signed nor sworn to by her, and that her statement is not denied by the defendants in this suit, it is fair to conclude that the statement is correct.

Under these circumstances, and seeing that she has interposed in season to prevent any injury to the rights of third persons, I feel unwilling to say that she is concluded by any act in reference to that suit. It is not clear to my mind, that any thing therein done or permitted in her name, ought to conclude her; and I cannot feel satisfied to divest her of a clear, certain and legal right, upon doubtful evidence.

The acts which determine an election, as recognised in the books, are generally of a very decided character. In *Ardesoife* v. *Bennet,* 2 *Dick.* 463, there was the receiving of a legacy for five years. In *Butrick* v. *Broadhurst,* 1 *Vesey,* 172; 3 *Bro. C. C.* 88, the widow entered on property and received the rents and profits for five years. And in *Earl of Northumberland* v. *Earl of Aylesford,* *Ambler,* 540, there was an entry into possession and exercising acts of ownership. All these were held sufficient to constitute an election. See also *Sanger* v. *Wood,* 3 *John. Chan. R.* 416. In this case the widow has never received any part of her annuity under the will.

This decision cannot affect the decree made in the former suit. That will be found on examination not to rest on the ground that a sale was necessary to raise the annuity for the widow, for that fact is not even set forth in the decree; but on the ground that it was expedient to sell the real estate at that time to carry into effect the general purposes of the will. But even if any difficulty could have arisen in consequence of the informality, it is cured by the release which has been executed on the part of the complainant.

If there are any other and prior claims of dower upon the property, as suggested in the answer, they are not to be affected by the allowance of the present claim.

I think that the widow is not, under all the circumstances, entitled to costs as against these defendants, and that they are entitled to receive their costs out of the assets of the estate.

Decree accordingly.