Jacob Roth died June 15th, 1938. The fourth and fifth paragraphs of his will provide:
"Fourth: I give unto my wife, Jennie Roth, the sum of Two Thousand Dollars ($2,000.00), together with any houshold effects, automobiles, and other personal property not herein bequeathed. *Page 557 
"Fifth: I hereby direct my Executors and Trustees, hereinafter named, to pay to my said wife, Jennie Roth, the sum of Seventy-five dollars ($75.00) per week, from the income of the residue of my estate, during her life time, and hereby authorize and empower my said Executors and Trustees to increase the said weekly income to be paid my said wife, to the sum of One Hundred Dollars ($100.00), at their discretion. It is my intention and direction that the above bequest of Two Thousand Dollars ($2,000.00) and the said weekly income to be paid my said wife are in lieu of her dower right in my said estate."
After the testator died his widow took possession of the household effects and automobiles and disposed of them for the total sum of $970.
The widow later made application to the Essex county orphans court for an order directing the executors of her husband's estate to pay her the sum of $50 per week for her support and maintenance pending the settlement of the estate, alleging in her petition that she was destitute and had no means of support.
The court on October 14th, 1938, entered an order granting the relief sought and directed the executors to pay her the sum of $50 a week out of the estate for a period of three months to which order the major creditors of the decedent as well as the complaining executors consented. A second and third petition of like nature was filed by the widow upon which second petition an order was entered on February 7th, 1939, directing the executors to pay the widow the sum of $50 a week for a further period of three months, and the third petition was subsequently withdrawn.
August 28th, 1939, the widow filed in the Essex county surrogate's office her dissent to receive any bequest or legacy given her under the will of her husband in satisfaction and bar of her right of dower in the lands of which he died seized. Thereafter the widow instituted proceedings in the prerogative court for the admeasurement of her dower.
The present bill was then filed to restrain the proceedings in the prerogative court and prays determination by this court as to whether the widow by her conduct above recited elected to accept the provisions made for her under the will of her husband. *Page 558 
A preliminary motion by the widow to strike the bill of complaint having been denied, the proceedings in the prerogative court were discontinued, and the matter is now before me on bill, answer and counter-claim, in which counter-claim the widow prays that her dower may be admeasured to her.
What acts of acceptance or acquiescence are sufficient to constitute an election, cannot be designated with sufficient precision to justify a general rule. Each case, as it occurs, must be governed by its own peculiar circumstances. Generally speaking, the questions are whether the party acting or acquiescing was cognizant of her rights; whether she intended to make an election; whether she can restore the individuals affected by her claim to the same situation as if the acts had never been performed; or whether such inquiries are precluded by lapse of time. English v. Ex'rs of English, 3 N.J. Eq. 504.
It was also held in the cited case that there must be something more than a mere intention to elect; that the right to dower is a legal right and upon the death of the husband, the widow is seized at law of a freehold estate and that estate cannot be divested by an intention or determination to take something else in lieu of it no matter how often the intentions may have been made known or communicated. There must be some decisive act of the party, with knowledge of her situation and rights, to determine the election, or there must be an intentional acquiescence in such acts of others as are not only inconsistent with her claim of dower, but render it impossible for her to assert her claim without prejudice to the rights of innocent parties.
In First National Bank, c., Woodbury v. Scott, 109 N.J. Eq. 244; 156 Atl. Rep. 836, it was held that a widow, by her engagement or acquiescence, may elect to take under the will of her husband in such manner as to deny to her the right to subsequently enforce a claim of dower. But a bar of that nature has always been carefully protected and circumscribed.
In the instant case there has been no express election by the widow. The acts by her which complainants contend constituted an election consist of taking possession of and disposing *Page 559 
of decedent's household effects and automobiles and her several petitions to the orphans court for weekly allowance from the estate.
The bequests to the widow of the household effects, automobiles and other personal property were not intended by the express provisions of the will to be in lieu of her dower. The will expressly states that the bequest of $2,000 in the fourth paragraph and the weekly income in the fifth paragraph are to be in lieu of her dower.
I am of the opinion that the several acts alleged do not constitute an election by the widow. The various petitions by the widow to the orphans court do not evidence an election by her to take under the will; nor can such election be inferred therefrom. The only reason for such petitions as set forth therein was her destitute condition and her inability to earn a living. Moreover, it does not appear in the stipulation of facts on file in this cause that the widow was cognizant of her rights in the matter when the acts complained of were committed by her.
It is conceded in the briefs of the respective counsel in this case that no one will be prejudiced by the widow's present determination to take against the will, provided she restores to the estate the advances which have been made to her.
I will advise decree that the widow is entitled to dower upon restoration to the estate of the advances already made and received by her. *Page 560